UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RICHARD OLAWALE,(#16794-112) ) | CASE NO. 4:10 CV 1049 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| ) | |
| BUREAU OF PRISONS, ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Respondent. ) | |

Pro se petitioner Richard Olawale filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner was incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) at the time he filed his petition. He sought nunc pro tunc release to home confinement, effective January 2010. For the reasons set forth below, this action is dismissed.

*28 U.S.C. § 2241*
*In Custody Requirement*

A petitioner is required to be "in custody" to bring a challenge under 28 U.S.C. §

2241. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). However, "the term 'custody' ... is not limited solely to physical confinement." McVeigh v. Smith, 872 F.2d 725, 727 (6th Cir.1989). Individuals on parole, probation, or bail may be considered "in custody" under §§ 2241 and 2254. Id. (citing Jones v. Cunningham, 371 U.S. 236(1963) (parole); Hensley v. Municipal Court, 411 U.S. 345, 349 (1973) (bail); United States v. Hopkins, 517 F.2d 420, 423-24 (3d Cir.1975) (probation)). The Supreme Court has instructed courts to determine whether a habeas corpus petitioner is "in custody" for purposes of §§ 2241 and 2254 at the time the petitioner files his application. Id. (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Sevier v. Turner, 742 F.2d 262, 268 (6th Cir.1984)). A petitioner's release from custody after filing an application may render his case moot, but it does not affect the threshold determination of whether he was in custody. Id. (citing Sevier, 742 F.2d at 268-69). In the instant case, although Petitioner was in custody at the time he filed his petition, and thus satisfied the in custody requirement for purposes of § 2241, Mr. Olawale was released from custody on July 14, 2010.

In his May 10, 2010 petition, Mr. Olawale sought nunc pro tunc release to home confinement, effective January 2010. He alleged the Bureau of Prisons (BOP) denied his request based on a detainer lodged against him by the Department of Homeland Security. He requested the court find he was entitled to have the detainer removed and to be released to Home Confinement.[1]

The Federal BOP website reveals that, effective July 6, 2010, Mr. Olawale was released from federal prison. *See* http://www.bop.gov/iloc2/InmateFinder. Further, he has not

---

[1] To the extent petitioner argued the detainer interfered with his classification, he was not entitled to relief. Prisoners have no constitutional right to seek a certain classification. See Moody v. Daggett, 429 U.S. 78 (1976). The BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP. Montalvo v. Snyder, 207 F.Supp.2d 581, 585 (E.D. Ky May 28, 2002).

2

provided the court with notice of any change of address. Petitioner's request was for release to home confinement and he is no longer incarcerated, therefore his request for habeas relief is moot.

*Conclusion*

Based on the foregoing, Mr. Olawale's Motion to Proceed in forma pauperis is granted and this petition is dismissed as **moot**. The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] The statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).